E-FILED
Wednesday, 17 May, 2017 12:21:53 PM
Clerk, U.S. District Court, ILCD

13142.A8C6

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINIOS
URBANA DIVISION

| | |
|---|---|
| JANE DOE #1, JANE DOE #2, <br> JANE DOE #3, JANE DOE #4, <br> JOHN DOE #1, and JOHN DOE #2, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID MURPHY, ROBERT WINDMILLER, <br> GEORGE McKENNA, HERSCHER <br> COMMUNITY UNIT SCHOOL DISTRICT #2 <br> REHABILITATION CENTRE, <br><br> Defendants. | No. 16 C 2393 |

## FIRST AMENDED COMPLAINT AT LAW

NOW COME plaintiffs, JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, JOHN DOE #1, and JOHN DOE #2, by and through their attorneys, MYERS CARDEN & SAX, and for causes of action against Defendants, pleads the following facts upon their knowledge, information and belief:

### Parties

1.  JANE DOE #1, is and at all times relevant to the complaint, was a female and a resident of the County of Kankakee, State of Illinois. On 12/11/15, JANE DOE #1 was sixteen years-old and a junior at Herscher High School.

2.  JANE DOE #2, is and at all times relevant to the complaint, was a female and a resident of the County of Kankakee, State of Illinois. On 12/11/15, JANE DOE #2 was sixteen years-old and a junior at Herscher High School.

3. JANE DOE #3, is and at all times relevant to the complaint, was a female and a resident of the County of Kankakee, State of Illinois. On 12/11/15, JANE DOE #3 was seventeen years old and a senior at Herscher High School.

4. JANE DOE #4, is and at all times relevant to the complaint, was a female and a resident of the County of Kankakee, State of Illinois. On 12/11/15, JANE DOE #4 was eighteen years old and a senior at Herscher High School.

5. JOHN DOE #1 is and at all times relevant to the complaint, was a resident of the County of Kankakee, State of Illinois. On 12/11/15, JOHN DOE #1 was 18 years old and a senior at Herscher Hight School.

6. JOHN DOE #2 is and at all times relevant to the complaint, was a resident of the County of Kankakee, State of Illinois. On 12/11/15, JOHN DOE #2 was 17 years old and a senior at Herscher High School.

7. Defendant, DAVID MURPHY is and at all times relevant to the complaint, was a resident of the County of Will, State of Illinois. As of 5/01/17, defendant DAVID MURPHY began serving a 180-day sentence in the Kendall County, Illinois jail pursuant to a guilty plea on charges of sexually and physically assaulting the plaintiffs herein.

8. Defendant, ROBERT WINDMILLER is and at all times relevant to the complaint, was a resident of the County of DuPage, State of Illinois.

9. Defendant, GEORGE McKENNA is and at all times relevant to the complaint, was a resident of the County of Kankakee, State of Illinois.

10. Defendant, HERSCHER COMMUNITY UNIT SCHOOL DISTRICT #2 is and at all times relevant to the complaint, was a resident of the County of Kankakee, State of Illinois.

2

## Jurisdiction and Venue

11. This complaint was initially filed in the 21st Judicial Circuit, Kankakee, County, State of Illinois and venue was premised upon 735 ILCS 5/2-101. The transactions out of which this action arose occurred in the County of Kankakee, State of Illinois. Defendants WINDMILLER, McKENNA, and HERSCHER COMMUNITY UNIT SCHOOL DISTRICT #2 are domiciled in and residents of the County of Kankakee, State of Illinois.

12. Defendant, HERSCHER, filed its Notice of Removal on or about 12/30/16 pursuant to 28 U.S.C. Sections 1331, 1441(a), 1446(a).

## Facts Applicable to All Counts

13. Herscher High School is governed by school district HERSCHER COMMUNITY UNIT SCHOOL DISTRICT #2. (This complaint shall refer to HERSCHER COMMUNITY UNIT SCHOOL DISTRICT #2 as "HERSCHER" hereinafter)

14. During the 2015-2016 school year, all plaintiffs were students enrolled at Herscher High School.

15. During the 2015-2016 school year, defendant DAVID MURPHY was employed as a teacher and the head boys wrestling coach by Herscher High School.

16. During the 2015-2016 school year, defendant ROBERT WINDMILLER was employed as the assistant boys wrestling coach by Herscher High School.

17. During the 2015-2016 school year, defendant GEORGE McKENNA was employed as the principal of Herscher High School.

18. Plaintiffs JANE DOE #1, JANE DOE #2, JANE DOE #3 and JANE DOE #4 volunteered to be "stat girls" for the Herscher High School boys wrestling team for the

wrestling season in 2015-2016. The "stat girls" assisted the wrestling team by maintaining statistics and assisting with equipment during wrestling practices and wrestling matches.

19. Plaintiffs JOHN DOE #1 was a volunteer assistant to the Herscher High School boys wrestling team in the school year 2015-2016. Plaintiff JOHN DOE #2 was a member of the Hershcher High School 2015-2016 boys wrestling team.

20. Prior to December 11, 2015, defendant DAVID MURPHY, made inappropriate advances to the female plaintiffs and other non-party female students at Herscher High School. Some of these advances were in the form of what DAVID MURPHY called "girl time." During "girl time," DAVID MURPHY would spend time with the female plaintiffs and other non-party female students alone on the Herscher High School campus and at away wrestling matches. During these meetings with the female plaintiffs and other non-party female students of Herscher High School, DAVID MURPHY would encourage the females to openly discuss their feelings about boys, dating, their parents and their general feelings. Other teachers and administration including defendant McKENNA, were aware of MURPHY'S actions described in this paragraph but did nothing to stop or otherwise prevent MURPHY'S advances on the students.

21. Prior to December 11, 2015, defendant DAVID MURPHY engaged in behavior known as "child grooming." Child grooming is befriending and establishing an emotional connection with a child, to lower the child's inhibitions for child sexual abuse. Other teachers and administration officials of HERSCHER, including defendant McKENNA, were aware of "child grooming" behavior generally and were aware of MURPHY'S behavior and advances on students. The fact that defendant MURPHY was allowed to groom his student targets was in effect a custom and practice of the school as it was observed by the supervisory staff and allowed to continue.

22. In years prior to December 11, 2015, other faculty at HERSHER High School engaged in sexually abusive behavior with HERSCHER students. A band

teacher, John Lenwell, engaged in sexual relations with a student at an overnight school function for which he was arrested. A HERSCHER teacher and track coach, Scott R. Stevens, now an Illinois registered sex offender, had a sexual relationship with a female student. These events and others were well knows to the HERSCHER school board and defendant McKENNA, but neither the school board nor the school principal or anyone else took measures to implement new school policy, or any new customs or practices, to safeguard the HERSCHER students from criminal sexual behavior by faculty.

23. Prior to December 11, 2015, on information and belief, a HERSCHER teacher became aware of a sexual relationship involving defendant MURPHY and a HERSCHER female student who may have been a "stat girl." On information and belief, this teacher reported the relationship to defendant McKENNA. On information and belief, McKENNA did nothing in response to this information.

24. Prior to December 11, 2015, defendants ROBERT WINDMILLER, GEORGE McKENNA and HERSCHER were aware of complaints by parents, teachers and/or other students about defendant DAVID MURPHY's inappropriate interactions with female students of Herscher High School.

25. Prior to December, 11, 2015, defendant DAVID MURPHY brought alcohol to a wrestling match involving his Herscher High School wrestling team. At this match, DAVID MURPHY consumed alcohol, offered it to students, became intoxicated and engaged in lewd and sexually inappropriate behavior by exposing his penis to members of the Herscher High School wrestling team.

26. On information and belief, the defendants ROBERT WINDMILLER and GEORGE McKENNA were made aware of the events described in the paragraphs above but failed to report it or take appropriate action to prevent it from occurring thereafter.

27. On and prior to December 11, 2015, defendants DAVID MURPHY, ROBERT WINDMILLER, GEORGE McKENNA and HERSCHER authorized, encouraged, instructed and/or knew that the "stat girls" for the Herscher High School boys wrestling team accompanied the boys wrestling team on out of town wrestling matches. These defendants further authorized, encouraged, instructed and/or knew that the "stat girls" would stay overnight at certain out of town wrestling matches with the Herscher High School boys wrestling team at local hotels.

28. On and prior to December 11, 2015, the defendants DAVID MURPHY, ROBERT WINDMILLER, GEORGE McKENNA and HERSCHER failed to develop, adopt, implement or otherwise provide formal policies and procedures to protect and keep safe from harm the Herscher High School students, including the plaintiffs herein, who attended the out of town wrestling matches. Additionally, these defendants failed to provide adult chaperones for these students, including the plaintiffs, on and prior to December 11, 2015.

29. On or about December 11, 2015, the Herscher High School boys wrestling team and the "stat girls" traveled to an out of town wrestling match in Yorkville, IL. The boys wrestling team and the stat girls checked into a hotel located in Yorkville, IL. Defendant David Murphy brought alcoholic beverages to the out of town wrestling match taking place in Yorkville, IL.

30. At some point on December 11, 2015, defendant DAVID MURPHY entered the hotel room occupied by the Jane Doe plaintiffs. At some point on December 11, 2015, the John Doe plaintiffs entered the hotel room occupied by the Jane Doe plaintiffs. During the evening hours of December 11, 2015, defendant DAVID MURPHY started drinking alcohol while visiting with the JOHN DOE plaintiffs and JANE DOE plaintiffs in the hotel room occupied by the JANE DOE plaintiffs. Defendant DAVID MURPHY offered alcohol to the JOHN DOE and JANE DOE plaintiffs on December 11, 2015. Defendant DAVID MURPHY became intoxicated during the time he spent in the hotel room with the JANE DOE and JOHN DOE plaintiffs. While in their hotel room, an intoxicated DAVID MURPHY engaged in sexually inappropriate conversation with the

JANE DOE plaintiffs, offered the JANE DOE plaintiffs alcohol, instructed the JANE DOE plaintiffs to show him their underwear, and touched the JANE DOE plaintiffs on their buttocks with his hand and mouth.  Furthermore, defendant DAVID MURPHY prevented the JANE DOE plaintiffs from leaving the room or using their phones to call for help.

31.    At some point later in the evening on December 11, 2015, an intoxicated defendant, DAVID MURPHY, told the JOHN DOE plaintiffs that it was "girl time" and ordered the JOHN DOE plaintiffs to leave the hotel room occupied by the JANE DOE plaintiffs.  The JOHN DOE plaintiffs exited the hotel room.  Sometime later that evening, the JOHN DOE plaintiffs returned to the room and entered to find a further intoxicated Defendant DAVID MURPHY acting inappropriately with the JANE DOE plaintiffs. The JOHN DOE Plaintiffs entered the room of the JANE DOE plaintiffs to remove defendant DAVID MURPHY.  Thereon, defendant DAVID MURPHY physically and verbally assaulted the JOHN DOE plaintiffs.  During the physical altercation with the JOHN DOE plaintiffs defendant DAVID MURPHY shouted to one or both of them, "I've always wanted to kill someone.  Don't let it be you."

32.    Defendant ROBERT WINDMILLER was at the hotel in Yorkville, IL when these events took place.  On information and belief, defendant ROBERT WINDMILLER became aware of defendant DAVID MURPHY's actions but did nothing to intervene and did not notify the school, the plaintiffs' parents, or the authorities.

33.    The next morning, defendant DAVID MURPHY advised the wrestling team that he suffered from food poisoning due to something he ate the night before.

34.    The following week, defendant GEORGE McKENNA was advised of the events that occurred at the hotel in Yorkville, IL on or about December 11, 2015. Thereafter, GEORGE McKENNA interviewed the plaintiffs.  Several days after interviewing the plaintiffs, GEORGE McKENNA advised the plaintiffs and their parents that the plaintiffs would be suspended from school and prohibited from taking the past semester final exams for drinking alcohol at a school event.  Defendant GEORGE McKENNA told the plaintiffs and the parents that none of the suspensions would have

been instituted if the plaintiffs had chosen to avoid drinking alcohol. In effect, defendant McKENNA blamed the plaintiffs for defendant MURPHY's physical attacks and sexual abuse.

35. As a direct and proximate result of the actions by all Defendants, the plaintiffs suffered and continue to suffer from severe personal injuries including severe emotional trauma, significant pain and suffering, and adverse impacts upon the enjoyment of life.

Count I – Assault
Defendant MURPHY

36. Plaintiffs incorporate and re-allege the allegations in paragraphs 1 through 32 as if they were fully set forth herein.

37. Defendant, DAVID MURPHY, intentionally approached plaintiffs in a manner that caused plaintiffs to realize a reasonable apprehension of an imminent offensive contact with plaintiffs' person.

38. Defendant DAVID MURPHY's intentional actions directed toward plaintiffs proximately caused plaintiffs to suffer injuries and to incur damages.

WHEREFORE, the plaintiffs respectfully request for this Court to enter judgment in their favor on Count I, find the defendants jointly and severally liable for plaintiffs' damages, award plaintiffs such sum in excess of the court's jurisdictional requisite as will reasonably and fairly compensate the plaintiffs for all injuries that they sustained and are reasonably certain to sustain in the future as a direct and proximate result of Defendant DAVID MURPHY's conduct and additionally award such sum as will punish Defendant DAVID MURPHY and will discourage him and others from similar conduct, and further award any additional relief this Court deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY.

## Count II – Battery
## Defendant MURPHY

39. Plaintiffs incorporate and re-allege the allegations in paragraphs 1 through 38 as if they were fully set forth herein.

40. Defendant DAVID MURPHY willfully and intentionally touched plaintiffs in an offensive and harmful manner without any consent from the plaintiffs.

41. Defendant DAVID MURPHY's willful, intentional, offensive and harmful contact with plaintiffs caused plaintiffs to suffer injuries and incur damages as described above.

WHEREFORE, the plaintiffs respectfully request for this Court to enter judgment in their favor on Count II, find the defendants jointly and severally liable for plaintiffs' damages, award plaintiffs such sum in excess of the court's jurisdictional requisite as will reasonably and fairly compensate the plaintiffs for all injuries that they sustained and are reasonably certain to sustain in the future as a direct and proximate result of Defendant DAVID MURPHY's conduct and additionally award such sum as will punish Defendant DAVID MURPHY and will discourage him and others from similar conduct, and further award any additional relief this Court deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY

## Count III – False Imprisonment
## Defendant MURPHY

42. Plaintiffs incorporate and re-allege the allegations in paragraphs 1 through 38 as if they were fully set forth herein.

43. Defendant DAVID MURPHY unreasonably, unlawfully, intentionally, and harmfully restrained plaintiffs against their will.

44.     Defendant DAVID MURPHY's unreasonable, unlawful, intentional and harmful restraint of plaintiffs' liberty was part of a plan or scheme to commit a sexual and physical assault upon plaintiffs.

45.     Defendant DAVID MURPHY's unreasonable, unlawful, intentional and harmful restrain of plaintiffs caused plaintiffs to suffer injuries and to incur damages as described above.

WHEREFORE, the plaintiffs respectfully request for this Court to enter judgment in their favor on Count III, find the defendants jointly and severally liable for plaintiffs' damages, award plaintiffs such sum in excess of the court's jurisdictional requisite as will reasonably and fairly compensate the plaintiffs for all injuries that they sustained and are reasonably certain to sustain in the future as a direct and proximate result of Defendant DAVID MURPHY's conduct and additionally award such sum as will punish Defendant DAVID MURPHY and will discourage him and others from similar conduct, and further award any additional relief this Court deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY

### Count IV - Intentional Infliction of Emotional Distress
### Defendants Murphy, Windmiller, McKenna and Herscher

46.     Plaintiffs incorporate and re-allege the allegations in paragraphs 1 through 32 as if they were fully set forth herein.

47.     Defendants DAVID MURPHY, ROBERT WINDMILLER, GEORGE McKENNA, and HERSCHER's conduct as described above was extreme and outrageous.

10

48. Defendants' conduct was either intended to inflict severe emotional distress or the defendants knew or there was a high probability that their conduct would cause severe emotional distress.

49. Defendants' conduct in fact caused plaintiffs to suffer severe emotional distress.

50. As a direct and proximate result of defendants' conduct, the plaintiffs suffered injuries and incurred damages as described above.

WHEREFORE, the plaintiffs respectfully request for this Court to enter judgment in their favor on Count IV, find the defendants jointly and severally liable for plaintiffs' damages, award plaintiffs such sum in excess of the court's jurisdictional requisite as will reasonably and fairly compensate the plaintiffs for all injuries that they sustained and are reasonably certain to sustain in the future as a direct and proximate result of Defendant DAVID MURPHY's conduct and additionally award such sum as will punish Defendant DAVID MURPHY and will discourage him and others from similar conduct, and further award any additional relief this Court deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY

<u>Count V – Willful and Wanton Supervision
Defendants Murphy, Windmiller, McKenna and Herscher</u>

51. Plaintiffs incorporate and re-allege the allegations in paragraphs 1 through 38 as if they were fully set forth herein.

52. On and prior to December 11, 2015, the defendants DAVID MURPHY, ROBERT WINDMILLER, GEORGE McKENNA and HERSCHER undertook to supervise an activity on public property – to wit, the out of town Herscher boys wrestling team match in Yorkville, IL on or about December 11, 2015.

53. It was the duty of all defendants, before and after Murphy's attack on the plaintiffs, to refrain from willful and wanton conduct which would endanger the plaintiffs' safety.

54. Defendants DAVID MURPHY, ROBERT WINDMILLER, GEORGE McKENNA and HERSCHER failed to discover the danger posed to the plaintiffs through recklessness or carelessness or intentional conduct when the danger could have been discovered by ordinary care.

55. Defendants DAVID MURPHY, ROBERT WINDMILLER, GEORGE McKENNA and HERSCHER engaged in a course of action that showed an utter indifference to or conscious disregard for the safety and welfare of the plaintiffs in the following respects:

    a. failed to implement and/or enforce policies and procedures to keep safe the plaintiffs and other students by using adult chaperones or otherwise utilizing adults to supervise the students at all times at an out of town school event;

    b. failed to request assistance in supervising the plaintiffs and other students by using additional school staff, chaperones or other adult volunteers;

    c. failed to develop and/or adopt policies and procedures to advise parents of students attending off-site out of town school events on how the students will be supervised and kept safe;

    d. failed to properly monitor the students under their supervision at all times during the out of town school event;

    e. failed to monitor the activities and actions of school officials, such as defendant DAVID MURPHY, to avoid predatory deviant and

12

    sexual behavior by school officials that is intended to harm students;

 f. failed to intervene or otherwise report the harmful, inappropriate, deviant and sexual behavior by a school official when observing or otherwise having knowledge that the harmful, inappropriate, deviant and sexual behavior by a school official was occurring.

56. Defendants' course of action as described above proximately caused plaintiffs to suffer extensive injuries and to incur significant damages as described above.

WHEREFORE, the plaintiffs respectfully request for this Court to enter judgment in their favor on Count V, find the defendants jointly and severally liable for plaintiffs' damages, award plaintiffs such sum in excess of the court's jurisdictional requisite as will reasonably and fairly compensate the plaintiffs for all injuries that they sustained and are reasonably certain to sustain in the future as a direct and proximate result of Defendant DAVID MURPHY's conduct and additionally award such sum as will punish Defendant DAVID MURPHY and will discourage him and others from similar conduct, and further award any additional relief this Court deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY

### Count VI - Action under § 1983 of Title 42 of the U.S. Code
### Defendant Herscher

57. Plaintiffs incorporate and re-allege the allegations in paragraphs 1 through 38 as if they were fully set forth herein.

58. Defendant, DAVID MURPHY, in his individual capacity, subjected plaintiffs to conduct that occurred under color of state law.

59.     Defendant, ROBERT WINDMILLER, in his individual capacity, subjected plaintiffs to conduct that occurred under color of state law.

60.     Defendant, GEORGE McKENNA, in his individual capacity, subjected plaintiffs to conduct that occurred under color of state law.

61.     Defendant, HERSCHER, in its individual capacity, subjected plaintiffs to conduct that occurred under color of state law.  Defendant, HERSCHER, was responsible for developing and implementing the policies and procedures, the custom and practice, of HERSCHER high school to protect the students from sexually deviant behavior by HERSCHER high school faculty and staff.  These policies and procedures, or customs and practices, were expected to be implemented and overseen by the school principal, defendant McKENNA.

62.     The conduct to which Defendant, HERSCHE, individually and collectively, subjected these plaintiffs to deprived the plaintiffs of their civil rights afforded under the U.S. Constitution.  The conduct to which these defendants, individually and collectively, subjected the Jane Doe plaintiffs and the John Doe plaintiffs to, deprived them of their Fourteenth Amendment right to Equal Protection in that the conduct constituted discrimination on the basis of sex.

WHEREFORE, the plaintiffs respectfully request for this Court to enter judgment in their favor on Count VI, find the defendants jointly and severally liable for plaintiffs' damages, award plaintiffs such sum in excess of the court's jurisdictional requisite as will reasonably and fairly compensate the plaintiffs for all injuries that they sustained and are reasonably certain to sustain in the future as a direct and proximate result of Defendant DAVID MURPHY's conduct and additionally award such sum as will punish Defendant DAVID MURPHY and will discourage him and others from similar conduct, and further award any additional relief this Court deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY.

        Respectfully Submitted,

        **MYERS CARDEN & SAX**

        /s/ Jason M. Sax
        Attorneys for Plaintiffs

Terrence S. Carden, III (ARDC 6205378)
Jason M. Sax (ARDC 6243815)
**MYERS CARDEN & SAX**
30 North LaSalle Street
Suite 2200
Chicago, Illinois 60602
(312) 345-7250
(312) 345-7251 (Fax)